# Supreme Court of Texas

No. 22-0973

Legacy Hutto, LLC,

*Petitioner/Cross-Respondent,*

v.

City of Hutto, Texas, et al.,

*Respondents/Cross-Petitioners*

On Petitions for Review from the
Court of Appeals for the Seventh District of Texas

**PER CURIAM**

Legacy Hutto, LLC sued the City of Hutto, alleging that the City owed Legacy about $3 million under a contract for Legacy's work on a city development project. The City responded that the law prohibits governmental entities from entering into a contract without first receiving a disclosure of interested parties, *see* TEX. GOV'T CODE § 2252.908(d), which Legacy had failed to submit. From that premise, the City argued that it had lacked authority to enter into a contractual relationship with Legacy. The City then observed that the Local Government Code only waives a city's immunity to suit when a contract was "properly executed." *See* TEX. LOC. GOV'T CODE § 271.151(2)(A). Because a contract formed without authority could not have been

"properly executed," the City reasoned, its governmental immunity had not been waived. It filed a plea to the jurisdiction to that effect and also filed a Rule 91a motion.

The district court granted the City's plea and its Rule 91a motion. The court then granted Legacy leave to replead and to include previously unpleaded causes of action. Both parties appealed.

The court of appeals affirmed. It held that Legacy had not presented any evidence that it complied with Section 2252.908, so its contract with the City did not trigger Chapter 271's waiver of immunity, thus depriving the district court of subject-matter jurisdiction. ___ S.W.3d ___, 2022 WL 2811856, at *3-5 (Tex. App.—Amarillo July 18, 2022). The court of appeals then held that, because of the lack of jurisdiction, the district court's consideration of the Rule 91a motion was "inappropriate" but that "any complaint regarding [that] error is rendered moot." *Id.* at *5. Finally, the court of appeals held that it lacked jurisdiction to review the order granting Legacy leave to replead, as that order was not final or otherwise appealable. *Id.* at *6.

Both parties filed competing petitions for review in this Court. The Legislature then passed H.B. 1817, which took immediate effect after the Governor signed it on June 9, 2023. *See* TEX. CONST. art. III, § 39; Act of May 18, 2023, 88th Leg., R.S., H.B. 1817, § 4. The new statute, which adds Section 2252.908(f-1) to the Government Code, applies to contracts like this one—those described in Section 2252.908(b)—and makes them

> voidable for failure to provide the disclosure of interested parties required by this section only if:
>
> (1) the governmental entity . . . submits to the business entity written notice of the business entity's failure to provide the required disclosure; and

2

(2) the business entity fails to submit to the governmental entity . . . the required disclosure on or before the 10th business day after the date the business entity receives the written notice . . . .

We presume that statutes only apply prospectively. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 219 (Tex. 2002). H.B. 1817, however, rebuts that presumption by expressly providing the following specific rule for any "suit challenging the validity of a contract described by Section 2252.908(b)" that was still "pending" when H.B. 1817 took effect: The "court . . . may require the governmental entity . . . to provide the written notice required under Section 2252.908(f-1) . . . if the court finds that failure to enforce that requirement would cause an inequitable or unjust result for the parties to the suit." Act of May 18, 2023, 88th Leg., R.S., H.B. 1817, § 2. The new statute further provides that a contract executed before H.B. 1817 took effect "is presumed to have been properly executed" under Section 2252.908 if, before that date, a governmental entity had not filed "an action to void or invalidate the contract" in a Texas court. *Id.* § 3.

H.B. 1817 modifies the law that applies to this case. The district court should address the new statutory requirements in the first instance. Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we grant the petitions for review, vacate the court of appeals' judgment, and remand the case to the district court "for further proceedings in light of changes in the law." TEX. R. APP. P. 60.2(f).

**OPINION DELIVERED:** March 15, 2024

3